UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-14040-CIV-CANNON/MAYNARD

JOSHUA HILLMAN,

    **Plaintiff,**

v.

SOCIAL SECURITY ADMINISTRATION,
LEAH BLACKBURN, and JOSE DOSIL,

    **Defendants.**
_____/

## REPORT & RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff has not taken affirmative steps to continue prosecuting his claims or timely complied with my most recent Order requiring him to file a Second Amended Complaint. DE 19. I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to state a valid claim and failure to prosecute.

On February 12, 2024, Plaintiff filed a *pro se* Complaint under 42 U.S.C. § 1983 asserting claims against the Social Security Administration ("SSA") and two SSA employees for allegedly "depriv[ing] the plaintiff of disability payments without due process of law." DE 1 at 2. Plaintiff alleged in his Complaint that it was the "third time that the plaintiffs' SSI benefits have been stopped without prior 30[-]day notification," which eliminated Plaintiff's "only source of income for as long as five months." *Id.* Plaintiff sought $80.00 in compensatory damages and $10,000,000.00 in punitive damages. *Id.* Plaintiff also filed an accompanying motion seeking to proceed *in forma pauperis* ("IFP"), which was referred to me for appropriate disposition. DE 3; DE 5.

On April 4, 2024, I issued an Order finding Plaintiff financially eligible to proceed IFP. However, after screening the Complaint as required under 28 U.S.C. § 1915, I found that it failed to

state a valid legal claim. Specifically, I found that the Complaint does not state a proper claim under § 1983 because Defendants here are federal actors who do not act under color of state law, but instead act under federal authority. DE 6 at 4 (citing *Allen v. U.S. EEOC Off.*, 366 F. App'x 972, 974 (11th Cir. 2010) ("Section 1983 does not apply to federal actors acting under color of federal law.") (citing *Hindman v. Healy*, 278 Fed.Appx. 893, 895 (11th Cir. 2008) (per curiam)).

I further found that Plaintiff failed to plead a *Bivens* claim as "[t]he Supreme Court has explicitly refused to allow a *Bivens* action for damages for claimants who are denied Social Security benefits given the remedial scheme for Social Security claimants." DE 6 at 5 (citing *Jaihiem v. Soc. Sec. Area Directors*, 2011 WL 13318795, at *4 (N.D. Ga. Feb. 8, 2011), *report and recommendation adopted*, 2011 WL 13318941 (N.D. Ga. Mar. 24, 2011); *Treece v. Wilson*, 212 Fed. Appx. 948, 950 (11th Cir. Jan. 3, 2007) ("[T]he Supreme Court has declined to imply a *Bivens* remedy for people improperly denied Social Security benefits.").

Recognizing that Plaintiff might be able to assert a proper claim under 42 U.S.C § 405(g), given his allegations challenging determinations regarding his social security benefits, I summarized the law governing such claims and provided a link to an example form complaint that Plaintiff could use to properly allege a claim under 42 U.S.C. § 405(g) assuming he met the statute's requirements. DE 6 at 6-7 (citations omitted). My Order dismissed Plaintiff's Complaint without prejudice and required him to file an Amended Complaint by April 29, 2024. I expressly cautioned Plaintiff that his "**failure to timely file an Amended Complaint in compliance with this Order's directives will likely result in a recommended final dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).**" DE 6 at 7-8 (emphasis in original). This deadline passed with no timely response by Plaintiff.

On May 6, 2024, Judge Cannon issued an Order granting Plaintiff a final opportunity to

comply with my prior Order requiring repleading.  DE 9.  Judge Cannon's Order required that an Amended Complaint be filed by May 31, 2024 with a note that Plaintiff's failure to comply would result in dismissal of the case without further Court order.  *Id.*

On May 9, 2024, Plaintiff filed a notice indicating that his address had changed.  DE 11.  Judge Cannon immediately acknowledged this notice, directed the Clerk's Office to send all pertinent Court orders to Plaintiff at his new mailing address of record, and reminded Plaintiff that "**he must file an Amended Complaint on or before May 31, 2024**" or else face possible dismissal.  DE 12 (emphasis in original).  Plaintiff thereafter consented to receiving notices of electronic filing in this case at his email address of record.  DE 16.  Pursuant to this consent, Plaintiff is now set up to receive notices of all filing activity in this case directly to his designated email address of record.

On May 31, 2024, Plaintiff filed a motion seeking "to amend" the federal statute 42 U.S.C. §1983 and seeking "summary judgment."  DE 17.  As best I could decipher, Plaintiff appeared to be continuing to attempt to assert claims against the Commissioner of Social Security and other individuals "acting under the 'authority' of the federal government."  DE 17 at 2.  Plaintiff again purported to bring "this action against the unlawful conduct of acting agents of the Social Security Administration" who have "knowingly violated Plaintiff's civil rights … by willfully depriv[ing] the Plaintiff of benefits without due process of law in violation of Plaintiff's constitutional rights."  *Id.*  Plaintiff cited Florida and federal statutes—notably including 42 U.S.C. § 405(g)—and demands "$80,000 compensatory damages" and $10,000,000 in punitive damages.  *Id.* at 4.  Plaintiff's filing included a single attachment consisting of a 67-page mishmash of administrative agency documents and letters concerning Plaintiff's social security payments and benefits.  DE 17-1.

On July 26, 2024, I issued an Order noting the disorganized and disjointed nature of the motion but ultimately gave Plaintiff the benefit of all doubt.  DE 19.  Noting that he appeared to

again renew his attempt to state claims, I liberally construed his motion as one seeking leave to amend his complaint and granted him an opportunity to file a second amended complaint by August 26, 2024.  I again summarized what Plaintiff needed to do to state a proper claim and once again included the link to an example form complaint.  I expressly cautioned Plaintiff that his "**failure to timely file a Second Amended Complaint as ordered may result in a dismissal of this case without further notice.**"  DE 19 at 5 (emphasis in original).

Following my recent Order, Plaintiff has neither timely filed a Second Amended Complaint as required nor taken any further action to pursue his claims.  Under Federal Rule of Civil Procedure 41: "[i]f the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action."  Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.,* 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion").  The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff."  *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice).  In contrast, a dismissal *without prejudice* is not an adjudication on the merits and, therefore, courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of

Page **4** of **6**

complaint without prejudice for failure to prosecute).

Nearly seven months have passed since Plaintiff filed his original Complaint. A series of prior Court Orders have provided him with clear guidance and ample opportunity to file a complaint that properly states a valid claim for relief. Plaintiff has thrice now been given fair warning that his failure to respond and timely pursue this case could lead to this case be dismissed without further notice. It appears that Plaintiff does not intend to pursue his claims. However, as Plaintiff has taken some limited action to date and because there does not appear to be any clear record of delay or contumacious conduct, dismissal without prejudice for failure to prosecute is the appropriate course. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871-72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss). This dismissal would not act as an adjudication on the merits. *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

## RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to state a valid claim, failure to prosecute, and failure to comply with a Court Order.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and

shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 5th day of September, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE