UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 24-14040-CIV-CANNON/Maynard

JOSHUA HILLMAN,

    Plaintiff,
v.

SOCIAL SECURITY ADMINISTRATION,
LEAH BLACKBURN, and JOSE DOSIL,

    Defendants.
_____/

## ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND CLOSING CASE

**THIS CAUSE** comes before the Court upon Magistrate Judge Maynard's Report and Recommendation [ECF No. 20]. On February 12, 2024, Plaintiff filed a *pro se* Complaint under 42 U.S.C. § 1983 asserting claims against the Social Security Administration ("SSA") and two SSA employees for allegedly "depriv[ing] the plaintiff of disability payments without due process of law" [ECF No. 1]. On May 31, 2024, Plaintiff filed a Motion to Amend/Correct his Complaint (the "Motion") [ECF No. 17]. The Court then referred the case to Magistrate Judge Maynard for a ruling on all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters [ECF No. 18]. On July 26, 2024, Magistrate Judge Maynard observed the "disorganized and disjointed" nature of Plaintiff's Motion but liberally construed his Motion as one seeking leave to amend his complaint and granted him an opportunity to file a second amended complaint by August 26, 2024 [ECF No. 19]. In that Order, Judge Maynard cautioned Plaintiff that his "failure to timely file a Second Amended Complaint as ordered may result in a dismissal of this case without further notice" [ECF No. 19].

CASE NO. 24-14040-CIV-CANNON/Maynard

To date, Plaintiff still has not filed a second amended complaint or requested additional time to do so. Accordingly, on September 5, 2024, Judge Maynard issued the present Report and Recommendation recommending dismissal without prejudice for failure to state a claim, failure to prosecute this action, and failure to comply with Court orders [ECF No. 20]. Objections to the Report were due on or before **September 19, 2024** [ECF No. 20]. Neither party filed objections to the Report, and the time to do so has expired.

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following de novo review, the Court finds no errors of fact or law in the well-reasoned Report.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 20] is **ACCEPTED**.
2. This case is **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk is directed to **CLOSE** this case.

CASE NO. 24-14040-CIV-CANNON/Maynard

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 15th day of November 2024.

AILEEN M. CANNON  
UNITED STATES DISTRICT JUDGE

cc:   counsel of record